L.Bishop Austin & Associates
L. Bishop Austin, SBN 175497
3250 Wilshire Blvd, Suite 1500
Los Angeles, CA 90010
Tele: 213-388-4939
Fax:213-388-2411

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

IN RE: ) CASE NO.:8:10-bk-21287
)
)
SCHOOLS FIRST CREDIT UNION ) RESPONSE OPPOSING MOTION
) FOR RELIEF FROM STAY
DEBTORS. ) POINT & AUTHORITIES; IN
) SUPPORT THEREOF
RICHARD MORGAN )
TRACY BARDELL-MORGAN )
) Date: 10/27/2010
) Time: 01:30PM
) Ctrm: Crtrm 5A
) Place:
) Ronald Reagan Federal
) Bldg 411 W Fourth St)
) Santa Ana, CA 92701
)

TO THE HONORABLE JUDGE ROBERT N KWAN, UNITED STATES BANKRUPTCY JUDGE; ALL CREDITORS AND THEIR ATTORNEY OF RECORD; THE STANDING TRUSTEE; AND ALL OTHER INTERESTED PARTIES:

COMES NOW the debtor, Richard and Tracy Morgan, by and through counsel, and does hereby object to movant's, Motion for Relief from Stay pursuant to Local Rule 9075-1 for an Order Lifting Stay.

1

Debtor Richard Morgan and Tracy Bardell-Morgan ("Debtors") filed his Chapter 13 Voluntary Petition on August 13, 2010. A primary asset of the bankruptcy estate is Debtor's single family residence, located at 33822 Zarzito Drive, Dana Point, CA 92629 (the "subject property"), the property at issue in this motion.

Debtor's filed emergency chapter 13 case on August 13, 2010 because a foreclosure sale was brought against debtor's residential real property by the first lien holder Bank of America, on August 13, 2010.

Debtor's amended its chapter 13 plan on September 27, 2010 to include the pre-petition arrears owed to movant on the 2nd deed of trust in the amount of $6,435.00.

Movant moves the court for an order granting relief from stay on its 3rd deed of trust. It is the debtor's intentions to file Motion to Avoid Lien of movant, third mortgage loan in the amount of $153,873.69 as stated in debtors amended bankruptcy schedule D.

At the commencement of the instant case, Debtor was indebted to (SFCU 2nd TD), the beneficial holder of a promissory note secured by a third deed of trust, for an outstanding balance of approximately $153,873.69. This amount is inclusive of all outstanding pre-petition principal and interest arrears. attached herein; see also Amended Schedule D, attached herein as **Exhibit A.**

Debtor is also indebted to (SFCU 1st TD), the movant and the beneficial holder of a promissory note secured by a first deed of trust. As of the date of the commencement of this case, Debtor was indebted to (SFCU 2nd TD) for an outstanding balance of approximately $236,581.88, inclusive of outstanding pre-petition principal and interest arrears.

Both SFCU 2nd TD and SFCU 3rd TD, the second and third

position lenders, are, and have been at all times, secured by legally recorded Deeds of Trust, recorded against the subject property.

Currently, the fair market value ("FMV") of the subject property is approximately $492.143.00, which is $136,016.96 more than the total payoff balance owed to BAC Home Loans 1st deed of trust in the amount of $356.126.04.

Debtor's intentions are to seek a determination of the value of the subject property to file a Motion to Avoid Lien of the 3rd Deed of Trust.

This motion shall be and is made based on the equities of this case and specifically that movant filed its Motion for Relief from Stay immediately fourteen days, of the filing of this chapter 13 case.

The relief from the automatic stay would be based on misrepresentations made by movant, Schools First Credit Union (SFCU), alleging debtor date of Post-petition defaulted on August 15, 2010 when in fact post petition payment were not due at the time movant filed its Motion for Relief from Stay on August 27, 2010 alleging debtor to be in default for one post-petition mortgage payment whereas, in fact, debtor post petition payments were not due until September 13, 2010

On September 27, 2010, debtor amended the chapter 13 plan to include post-petition mortgage payment which would result in Adequate Protection of the property, thus saving debtor's home from eminent foreclosure. attached herein; *see also Amended Chapter 13 Plan*, attached herein as **Exhibit B**.

MEMORANDUM OF POINTS AND AUTHORITIES

I.  LEGAL DISCUSSION

A debtor may move the court for a determination of the value of a property in the bankruptcy estate pursuant to Federal Rules of Bankruptcy Procedure (FRBP) Rule 3012. FRBP provides in pertinent that:

> "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest, on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."

FRBP Rule 3012.

FRBP 3012 implements Section 506(a) of the Bankruptcy Code with respect to valuation of a secured claim in order to determine the extent to which it is secured and the extent to which it is unsecured. The debtor seeks to extinguish the claimant's lien to the extent permitted under Sections 506(a), 1322(b)(2) and 1325 as provided in the Debtor's Chapter 13 Plan. See **Exhibit B**.

Further, **FRBP** Rule 1001 states that the bankruptcy rules "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." The objective of "expeditious and economical administration" of cases under the Bankruptcy Code has frequently been recognized by the courts to

be "a chief purpose of the bankruptcy laws." Katchen v. Land (1966) 382 U.S. 323, 328.

This motion will be made based on this Motion, the attached Amended Chapter 13 Plan, Amended Schedule D, And all pleadings and papers on file in this case, and on the records and filed herein, and on any such oral and documentary evidence which may be presented at the hearing of the motion.

WHEREFORE, based on the foregoing statutory and decisional authority, the debtor respectfully requests that the Court grant this motion and issue an order denying motion for relief from stay by movant to allow debtor to extinguish the 3rd trust deed held by movant Schools First Credit Union's lien to extinguish and reconvey upon the successful completion of the debtor's Chapter 13 plan and subsequent Chapter 13 discharge.

Respectfully Submitted,

Dated: October 25, 2010    BY:    /s/ L.Bishop Austin
L. BISHOP AUSTIN, ESQ.
Attorney for Debtor
Richard and Tracy Morgan

B6D (Official Form 6D) (12/07)

In re  **Richard Morgan,**  
**Tracy Bardell-Morgan**  
_____  
Debtors

Case No.  **8:10-bk-21287**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | |
| Account No. 060432984 | | | | 02/2004 | | | | | |
| Bank of America c/o Recontrust Company 1757 Tapo Canyon Rd SV W-88 Simi Valley, CA 93063 | | | C | First Mortgage<br><br>First Trust Deed<br>Residential Real Property located at 33822 Zarzito Dr, Dana Point, CA 92629 | | | | | |
| | | | | Value $         356,126.04 | | | | 356,126.04 | 0.00 |
| Account No. 2005 | | | | 08/2009 | | | | | |
| Schools First Credit Union POB 11547 Santa Ana, CA 92711 | | | C | Second Mortgage<br><br>Second Trust Deed<br>Residential Real Property 33822 Zarzito Dr, Dana Point, CA 92629 | | | | | |
| | | | | Value $         356,126.04 | | | | 236,581.88 | 0.00 |
| Account No. 05-83 | | | | 08/2009 | | | | | |
| Schools First Credit Union -3rd DT POB 11547 Santa Ana, CA 92711 | | | C | Third Mortgage<br>Third Trust Deed<br>Debtor's Intent to file Motion to Avoid Lient<br>Residential Real Property located at 33822 Zarzito Dr, Dana Point, CA 92629 | | | | | |
| | | | | Value $         356,126.04 | | | | 153,873.69 | 153,873.69 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| **0** continuation sheets attached | | | | Subtotal (Total of this page) | | | | 746,581.61 | 153,873.69 |
| | | | | Total (Report on Summary of Schedules) | | | | 746,581.61 | 153,873.69 |

"EXHIBIT A"

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                                                                                                                                                                                     Best Case Bankruptcy

Name     L. Bishop Austin
Address   L. Bishop Austin & Associates
3250 Wilshire Blvd, Suite 1500
Los Angeles, CA 90010

Telephone   213-388-4939     (FAX)   213-388-2411

■ Attorney for Debtor
State Bar No. **175497**

☐ Debtor(s) in Pro Se     (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CALIFORNIA DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br>Richard Morgan<br><br>Tracy Bardell-Morgan | Chapter 13 Case No. **8:10-bk-21287**<br><br>**AMENDED**<br>**CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>Date: 9/29/10<br>Time: 10:00AM<br>Place: 411 W Fourth Street Rm 3-110, Santa Ana, CA 92701<br>**CONFIRMATION HEARING:**<br>Date: 10/27/10<br>Time: 1:30PM<br>Place: Ctrm 5A, 411 W 4th Street, Santa Ana, CA 92701 |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

*EXHIBIT B*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                         **F3015-1.1**
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com     Best Case Bankruptcy

Case 8:10-bk-21287-RK    Doc 31    Filed 09/27/10    Entered 09/27/10 14:58:44    Desc
Case 8:10-bk-21287-RK    Doc 37    Filed 10/25/10    Entered 10/25/10 20:35:35    Desc
Main Document    Page 2 of 4
Main Document    Page 8 of 14

Chapter 13 Plan (Rev. 12/09) - Page 2                                2009 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I.  **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

    The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

    A.  Payments by Debtor of **$1,720.00** per month for **60** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

    B.  The base plan amount is $ **103,200.00** which is estimated to pay **1** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

    C.  Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

    D.  Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

    Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

    E.  Other property: (specify property or indicate none)
        **NONE**

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                        **F3015-1.1**
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                Best Case Bankruptcy

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

    (b) Administrative expenses (Class 1(a)) in an amount not exceeding _____ % of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding **100** % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1

Best Case Bankruptcy

Case 8:10-bk-21287-RK    Doc 31    Filed 09/27/10    Entered 09/27/10 14:58:44    Desc
Case 8:10-bk-21287-RK    Doc 37    Filed 10/25/10    Entered 10/25/10 20:35:35    Desc
Main Document    Page 10 of 14

Chapter 13 Plan (Rev. 12/09) - Page 4                                    2009 USBC, Central District of California

B.  CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1
### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| a. Administrative Expenses | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $2,599.00 | | $1,299.50 | 2 | $2,599.00 |
| (3) Chapter 7 Trustee's Fees | | | | | |
| (4) Other | | | | | |
| b. Other Priority Claims | | | | | |
| (1) Internal Revenue Service | | | | | |
| (2) Franchise Tax Board | | | | | |
| (3) Domestic Support Obligation | | | | | |
| (4) Other | | | | | |
| c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                F3015-1.1
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                Best Case Bankruptcy

Case 8:10-bk-21287-RK Doc 31 Filed 09/27/10 Entered 09/27/10 14:58:44 Desc
Case 8:10-bk-24267-RK Doc 37 Filed 10/25/10 Entered 10/25/10 20:35:35 Desc
Main Document Page 11 of 14

Chapter 13 Plan (Rev. 12/09) - Page 5      2009 USBC, Central District of California

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ■ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

| Bank of America | xxxxx2984 |
|---|---|
| (name of creditor) | (last 4 digits of account number) |
| Schools First Credit Union | 2005 |
| (name of creditor) | (last 4 digits of account number) |

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

**Cure of Default**

| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| Bank of America | xxxxx2984 | $83,000.00 | 0 | $1,406.78 | 59 | $83,000.00 |
| Schools First Credit Union | 2005 | $6,435.00 | 0 | $109.07 | 59 | $6,435.00 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Case 8:10-bk-21287-RK    Doc 31    Filed 09/27/10    Entered 09/27/10 14:58:44    Desc
Case 8:10-bk-21287-RK    Doc 37    Filed 10/25/10    Entered 10/25/10 20:35:35    Desc
Main Document    Page 6 of 14
Main Document    Page 12 of 14

Chapter 13 Plan (Rev. 12/09) - Page 6                                       2009 USBC, Central District of California

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____         _____
(name of creditor)                                                       (last 4 digits of account number)

_____         _____
(name of creditor)                                                       (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| | | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of $153,873.69.
Class 5 claims will be paid as follows:

(Check one box only.)

■  Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐  Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 0.00 which is estimated to pay 0 % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                          F3015-1.1
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                             Best Case Bankruptcy

## IV. PLAN ANALYSIS

| | |
|---|---|
| CLASS 1a | $2,599.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $89,435.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $939.00 |
| SUB-TOTAL | $92,973.00 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $10,227.00 |
| TOTAL PAYMENT | $103,200.00 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**          **Description of contract/lease:**
   -NONE-

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**          **Description of contract/lease:**
   -NONE-

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**          **Monthly Payment:**
   -NONE-

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
   **Creditor Name:**          **Description:**
   -NONE-

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)
   **Addendum to Chapter 13 Plan (F 3015-1.1A) is attached.**
   **Schools First Credit Union -3rd DT: Debtor(s) intend to avoid lien.**

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F3015-1.1

Revised December 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                    Best Case Bankruptcy

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: September 27, 2010

/s/ L. Bishop Austin
L. Bishop Austin
175497
Attorney for Debtor(s)

/s/ Richard Morgan
Richard Morgan
Debtor

/s/ Tracy Bardell-Morgan
Tracy Bardell-Morgan
Joint Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                    F3015-1.1
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com          Best Case Bankruptcy